**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 22-cr-20063-BLOOM**

UNITED STATES OF AMERICA,

      Plaintiff,

v.

MICHAEL ALLEN ROBINSON,

      Defendant.

_____/

**ORDER**

**THIS CAUSE** is before the Court upon Defendant Michael Allen Robinson's Motion to Amend the Judgment to Reflect a Calculation of Time Spent in Applicable Pre-Trial Custody, ECF No. [77] ("Motion"). The Government filed a Response in Opposition, ECF No. [78], to which Defendant did not file a Reply. The Court has reviewed the Motion, the Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below the Motion is denied.

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010). "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences" either "as a result of the offense for which the sentence was imposed" or "as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed." 18 U.S.C. § 3585(b). However, the Eleventh Circuit has held that "[a]uthority to calculate credit for time served under section 3585 (b) is vested in the Attorney General, not the sentencing court. And, prisoners may

seek judicial review of the calculation only after exhausting administrative remedies." *United States v. Alexander*, 609 F.3d 1250, 1259-60 (11th Cir. 2010) (internal citations omitted).

Defendant has not demonstrated that he has exhausted his administrative remedies. Instead, Defendant is seeking the Court's "informative finding of the number of days Mr. Robinson has spent in state and federal pre-trial custody prior to sentencing, again to protect the integrity of the record as this matter is handed over to the BOP for the purpose of actually assessing and awarding the credits that are required under § 3585(b)." ECF No. [77] ¶ 12. As such, Eleventh Circuit precedent dictates that this Court is without jurisdiction to provide the relief Defendant seeks. *See United States v. Anderson*, 517 F. App'x 772, 776 (11th Cir. 2013) ("the district court was not authorized to calculate a sentence-credit award, as such authority is vested in the Attorney General, through the BOP").

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Amend the Judgment to Reflect a Calculation of Time Spent in Applicable Pre-Trial Custody, **ECF No. [77]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 8, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record